**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARKADZI KARABEINIKAU, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> ) <br> GLOBAL PAIN & SPINE CLINIC S.C. a/k/a ) <br> GLOBAL COLLECTION AGENCY, ) <br> ) <br> Defendant. ) | Case No. 1:22-cv-7108 <br><br> **PLAINTIFF'S CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. ARKADZI KARABEINIKAU ("Plaintiff"), on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

2. Plaintiff bring this action for himself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of GLOBAL PAIN & SPINE CLINIC S.C. a/k/a GLOBAL COLLECTION AGENCY ("Defendant") for violations of the Fair Debt Collection Practices Act, *15 U.S.C. §1692, et seq.* ("FDCPA"), and the Illinois Collection Agency Act, *225 ILCS 425/1* ("CAA").

3. The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. *15 U.S.C. §1692, et seq.*

4. Similarly, the CAA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices as well as requiring that only qualified entities be permitted to practice as a collection agency in the State of Illinois. *225 ILCS 425/1*.

## JURISDICTION AND VENUE

5. Jurisdiction of the Court arises under *15 U.S.C. § 1692k(d)*.

6. Venue is proper in the United States District Court for the Northern District of Illinois because Defendant does business within the State of Illinois and Plaintiffs reside in Illinois and within this Judicial District.

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to *28 U.S.C. §1367(a)*.

## PARTIES

8. Plaintiff is an individual residing in Chicago, Illinois.

9. Defendant is a medical clinic that provides medical services to consumers.

10. Defendant's principal place of business is located at 8565 W. Dempster St., Niles, Illinois.

11. Defendant holds itself out as a debt collection agency using the alias GLOBAL COLLECTION AGENCY.

12. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6)* of the FDCPA as Defendant is a creditor who "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collection or attempting to collect such debts."

13. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3)* of the FDCPA.

## CLASS ALLEGATIONS

12. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> *All Illinois residents who received any collection letters from Defendant which resulted in Defendant sending a collection letter that is substantially similar or identical to those Plaintiff received from Defendant, which failed to inform the alleged debtor that Defendant is a debt collector, falsely represented the character, amount, or legal status of the alleged debt, falsely raised the specter of potential legal action which it never intended to take, and failed to include required statutory language required of debt collectors such as Defendant, within the one year prior to the filing of this Complaint.*

13. Plaintiff represents, and is a member of, The Class, consisting of All Illinois residents who received any collection letters from Defendant which resulted in Defendant sending a collection letter that is substantially similar or identical to those Plaintiff received from Defendant, which failed to inform the alleged debtor that Defendant is a debt collector, falsely represented the character, amount, or legal status of the alleged debt, falsely raised the specter of potential legal action which it never intended to take, and failed to include required statutory language required of debt collectors such as Defendant, within the one year prior to the filing of this Complaint.
14. Defendant, its employees and agents are excluded from The Class.
15. Plaintiff does not know the number of members in The Class, but upon information and belief, The Class members number in the dozens, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

16. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

17. Common questions of fact and law exist as to all members of the Class which predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendant has a policy of communicating with consumers in connection with the collection of an alleged debt wherein Defendant failed to inform the alleged debtor that Defendant is a debt collector, falsely represented the character, amount, or legal status of the alleged debt, falsely raised the specter of potential legal action which it never intended to take, and failed to include required statutory language required of debt collectors such as Defendant, within the one year prior to the filing of this Complaint.

    b. Whether Defendant has communicated with consumers in connection with the collection of an alleged debt wherein Defendant failed to inform the alleged debtor that Defendant is a debt collector, falsely represented the character, amount, or legal status of the alleged debt, falsely raised the

specter of potential legal action which it never intended to take, and failed to include required statutory language required of debt collectors such as Defendant, within the one year prior to the filing of this Complaint.

c. The nature and extent of damages and other remedies to which The Class members are entitled to due to Defendant's unlawful conduct.

18. As a consumer that received collection letters from Defendant wherein Defendant failed to inform the alleged debtor that Defendant is a debt collector, falsely represented the character, amount, or legal status of the alleged debt, falsely raised the specter of potential legal action which it never intended to take, and failed to include required statutory language required of debt collectors such as Defendant, Plaintiff is asserting claims that are typical of The Class.

19. Plaintiff will fairly and adequately protect the interests of the members of The Class.

20. A class action is superior to other available methods of fair and efficient adjudication of this controversy since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class

action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

21. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

22. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of The Class as a whole.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AGAINST DEFENDANT GLOBAL PAIN & SPINE CLINC S.C. a/k/a GLOBAL COLLECTION AGENCY**

23. Plaintiff incorporates and realleges paragraphs 1 through 22 in this Count I.

24. At various and multiple times prior to the filing of the instant Complaint, including within one year preceding the filing of this Complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

25. The debt at issue arises out of medical treatments provided to Plaintiff and therefore falls within the definition of "debt" for purposes of *15 U.S.C. § 1692a(5)*.

26. Defendant sent Plaintiff a dunning letter via the United States Postal Service in its attempt to collect the alleged debt owed by Plaintiff. See Collection Letter attached hereto as **Exhibit A**.

27. The letter states that it was sent by "GLOBAL COLLECTION AGENCY" located at 8565 W. Dempster St., Niles, Illinois, which is the exact same address as GLOBAL

PAIN & SPINE CLINIC. See **Exhibit A;** See Corporation File Detail Report from the Illinois Secretary of State attached hereto as **Exhibit B.**

28. The letter is not signed by any individual but instead the letter is signed "Billing Department." See **Exhibit A.**

29. The letter states "Our records indicate that your account is now 90 days past due. This letter is your final notice. If we do not hear from you within fifteen (15) days from the date of this letter, your account will be turned over to collection." See **Exhibit A.**

30. The letter further demands payment from Plaintiff in a specified amount despite the lack of invoice or other document explaining the origin of the balance due and owing. See **Exhibit A.**

31. That this letter is the Plaintiff's first notice from Defendant thereby making the letter Plaintiff's first and final notice. See **Exhibit A.**

32. Defendant did not present any basis for the debt, such as an invoice, bill or contract, and demanded payment from Plaintiff within fifteen (15) days under threat of being sent to collections. See **Exhibit A.**

33. Defendant falsely represented that it was acting in its legal capacity as a debt collector and falsely raised the specter of potential legal action which it never intended to take in violation of *15 U.S.C. § 1692e(5).*

34. Defendant falsely represented that it was a debt collector to collect or attempt to collect a debt in violation of *15 U.S.C. § 1692e(10).*

35. Defendant employed deceptive means to collect or attempt to collect a debt in violation of *15 U.S.C. § 1692e(10).*

36. Defendant failed to disclose in its initial written communication with Plaintiffs the required disclosure in violation of *15 U.S.C. § 1692e(11)*.

37. Defendant failed to disclose to Plaintiffs the required validation of debts in violation of *15 U.S.C. § 1692g(a)*.

38. Plaintiff alleges that to the extent that Defendant's actions, as stated above, violated the FDCPA, those actions were done knowingly and willfully.

39. As a direct and proximate result of Defendant's violations of the FDCPA, *15 U.S.C. § 1692 et seq.*, Plaintiff and the members of the Class have suffered injury, and may recover from Defendant one thousand ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to *15 U.S.C § 1692k*.

40. The violations of the FDCPA, *15 U.S.C. § 1692 et seq.*, described herein present a continuing threat to members of The Class and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, ARKADZI KARABEINIKAU, respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant, GLOBAL PAIN & SPINE CLINC S.C. a/k/a GLOBAL COLLECTION AGENCY, for the following:

(a) That this action be certified as a class action on behalf of the Class, that Plaintiff be appointed as the representative of the Class, and that Plaintiff's counsel be appointed as Class Counsel;

(b) For statutory damages of $500,000.00 or 1% of Defendant's net worth, whichever is the lesser, pursuant to *15 U.S.C. § 1692k*;

(c) For actual damages as a result of Defendant's failure to comply with the applicable provisions of the FDCPA in an amount not to exceed $500,000.00,

(d) That the Court award costs and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)*; and

(e) That the Court grant such other and further relief as may be just and proper.

### COUNT II – VIOLATIONS OF THE COLLECTION AGENCY ACT AGAINST DEFENDANT GLOBAL COLLECTION AGENCY a/k/a GLOBAL PAIN & SPINE CLINIC S.C.

41. Plaintiff incorporates and restates the allegations in Paragraphs 1 through 40 in this Count II.

42. That in effect at the time of the occurrence alleged herein was the Illinois Collection Agency Act ( "CAA"). *225 ILCS 425/1*.

43. That it is a declared public policy of the State of Illinois that "The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. It is further declared to be the public policy of this State to protect consumers against debt collection abuse." *225 ILCS 425/1*.

44. "A review of Illinois case law convinces us that there is an implied private right of action under the ICAA. " *Kim v. Riscuity, Inc.*, No. 06 C 1585, 5 (N.D. Ill. Jul. 31, 2006).

45. That a private right of action exists to enforce the prohibitions on harassing debt collection practices contained in section 9 of the ICAA. See *Galvan & Hawthorne v. NCO Financial Systems, Inc.*, Case No. 11 C 3918, 4 (N.D. Ill. Mar. 1, 2016) (citing *Sherman v. Field Clinic*, 74 Ill. App. 3d 21 (1st Dist. 1979)).

46. Defendant is a "collection agency" as defined by *225 ILCS 425/3(3)* because Defendant, "Uses a fictitious name in collecting its own accounts, bills, or debts with the intention of conveying to the debtor that a third party has been employed to make such collection." See **Exhibit A**; See **Exhibit B**.

47. Plaintiff is a "debtor" as defined by *225 ILCS 425/2* of the CAA as GLOBAL is attempting to collect a debt created by a credit transaction for personal, family or household purposes. See *225 ILCS 425/2*.

48. Defendant failed to obtain a license pursuant to the CAA in violation of *225 ILCS 425/4*.

49. Defendant practiced or attempted to practice under a false or an assumed name in violation of *225 ILCS 425/9(a)(11)*.

50. Defendant failed to disclose at the time of making the demand for payment the name of the person to whom the debt is owed and at the request of the debtor, the address where payment is to be made and the address of the person to whom the debt is owed in violation of *225 ILCS 425/9(a)(29)*.

51. Defendant misrepresented the amount of the debt alleged to be owed in violation of *225 ILCS 425/9(a)(30)*.

52. Defendant engaged in dishonorable, unethical or unprofessional conduct of a character likely to deceive, defraud, or harm the public in violation of *225 ILCS 425/9(a)(35)*.

53. That no collection agency while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be unlawful practice. *225 ILCS 425/9(b)*.

54. Defendant failed to disclose to Plaintiff the required validation of debts in violation of *225 ILCS 425/9.3*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, ARKADZI KARABEINIKAU, respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant, GLOBAL PAIN & SPINE CLINC S.C. a/k/a GLOBAL COLLECTION AGENCY, for the following:

(a) That this action be certified as a class action on behalf of the Class, that Plaintiff be appointed as the representative of the Class, and that Plaintiff's counsel be appointed as Class Counsel;

(b) For actual damages as a result of Defendant's failure to comply with the applicable provisions of the CAA in an amount not to exceed $500,000.00;

(c) That the Court award costs and reasonable attorney's fees; and

(d) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully Submitted,

_____
Nick E. Porter, Attorney for Plaintiff

**The Law Office of Fedor Kozlov, P.C.**
1990 E. Algonquin Road, Suite 100
Schaumburg, Illinois 60173
(847) 241-1299
nick@nslslaw.com
ARDC 6316642